FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 20 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILFRED RAMOS,

                Plaintiff,

-against-

GARY ZUCKER, ZUCKER & BENETT,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-5694 (SLT)(RER)

**TOWNES, United States District Judge:**

On September 24, 2014, Plaintiff Wilfred Ramos, appearing *pro se*, filed this action against Defendants Gary Zucker and Zucker & Benett. The Court grants Mr. Ramos's request to proceed *in forma pauperis* ("IFP") solely for the purpose of this order. The complaint is dismissed as set forth below.

## BACKGROUND

The Court draws the following facts from Mr. Ramos's complaint and assumes their truth for the purpose of this Memorandum and Order. Mr. Ramos alleges that he sustained serious injuries in a motor vehicle accident that occurred on March 8, 2011. (Compl. 2, ECF No. 1.) Mr. Ramos further alleges that he hired Defendants Gary Zucker and Zucker & Bennet but later hired a new attorney because Defendants failed to adequately represent him. (*Id.* at 1–3.) Mr. Ramos seeks damages of $46,440,000 and $120,000,000, respectively, in different sections of his complaint. (*Id.* at 3, 5.)

## DISCUSSION

*Standard of Review*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, a district court must dismiss an action filed by a plaintiff proceeding IFP where the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Subject-Matter Jurisdiction*

Federal courts enjoy only limited jurisdiction and "may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a).

Lack of subject-matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *Lyndonville*, 211 F.3d at 700. If a court lacks subject-matter jurisdiction, it must dismiss the action. *Id.* at 700–01; Fed. R. Civ. P. 12(h)(3).

Here, Mr. Ramos does not specifically provide a basis for jurisdiction but appears to allude to the diversity statute because he states "the amount exceeds $75,000." (Compl. 1, ECF No. 1.) However, Mr. Ramos has not pleaded a basis for this Court to exercise diversity jurisdiction over this matter. To establish jurisdiction under § 1332, a plaintiff must allege that he and all of the defendants are citizens of different states. *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992). Plaintiff is a citizen of New York and it appears that Defendant Gary Zucker is also a citizen of New York. (*See* Compl. 1, ECF No. 1.) Accordingly, complete diversity is lacking and Mr. Ramos cannot satisfy 28 U.S.C. § 1332. *See Cushing*, 970 F.2d at 1106. The Supreme Court has noted that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (internal quotation marks and citation omitted). Mr. Ramos's complaint suggests no basis for federal question jurisdiction as he does not sue under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Rather, Mr. Ramos's legal malpractice claim arises under state law. *See, e.g., Marshall v. Nacht*, 569 N.Y.S.2d 113, 114 (2d Dep't 1991) (citations omitted) (discussing legal malpractice claims under New York law); *Rene v. Lemke*, No. 99-CV-8923(FB), 2001 WL 1488595, at *1 (E.D.N.Y. Nov. 16, 2001) (declining to exercise supplemental jurisdiction over state-law claim for legal malplractice).

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state-law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: October 10, 2014
Brooklyn, New York